UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN D. TAAMU,<br><br>                    Plaintiff,<br><br>         v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | CASE NO. C16-1438-TSZ-MAT<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Susan Taamu seeks to set aside a decision of the Commissioner of the Social Security Administration (Commissioner) dismissing her request for an administrative hearing, and to obtain a hearing on the merits of her disability benefits claim. (Dkt. 3.) Plaintiff filed her complaint in this Court after the Appeals Council dismissed her request for a hearing on the basis of res judicata. (*See* Dkt. 3 at 1.) The Commissioner now seeks dismissal of this case based on an absence of jurisdiction. (Dkt. 9.) The Court, for the reasons set forth below, does not recommend dismissal.

Judicial review of a claim for Social Security disability benefits is limited to review of a

REPORT AND RECOMMENDATION
PAGE - 1

"final decision of the Commissioner of Social Security made after a hearing[.]" 42 U.S.C. § 405(g); *accord Califano v. Sanders*, 430 U.S. 99, 107-08 (1977). This Court lacks subject matter jurisdiction over claims upon which there has been no final agency action. 42 U.S.C. § 405(g) and § 405(h); *Weinberger v. Salfi*, 422 U.S. 749, 763-66 (1975); *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993).

The meaning of the term "final decision" is to be defined by the Commissioner's regulations. *Weinberger*, 422 U.S. at 766. Under the regulations, a claimant obtains the Commissioner's final decision only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 404.900(a). *See also Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) ("A final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies.")

Applying the doctrine of res judicata, a hearing request may be denied where the Commissioner "made a previous determination or decision . . . on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action[.]" 20 C.F.R. § 404.957(c)(1). A decision to not re-open a previously adjudicated claim for disability benefits is "purely discretionary" and not a final decision within the meaning of § 405(g). *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985) (citations omitted). "District courts, therefore, have no jurisdiction to review a refusal to re-open a claim for disability benefits or a determination that such a claim is res judicata." (*Id.*)

The Court may, however, make an exception to the general rule precluding review in the absence of a final decision with the showing of a "'colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to

REPORT AND RECOMMENDATION
PAGE - 2

seek reconsideration of an adverse benefits determination.'" *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (quoted sources omitted). *Accord Califano*, 430 U.S. at 109. A constitutional claim is colorable if it is not wholly insubstantial, immaterial, or frivolous. *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008). However, the mere assertion of a bare constitutional violation without supporting allegations is not a colorable constitutional claim. *See id.*

Pointing to the complaint, the Commissioner avers plaintiff made no more than a conclusory allegation that the Appeals Council's order implicates her due process rights. (*See* Dkt. 3 at 1-2 (averring the action is "brought under the due process" clause, that she filed a request for a hearing and the request was denied as res judicata, and that the decision violated her rights to due process). The Commissioner argues this bare, conclusory allegation does not withstand a motion to dismiss and does not suffice to establish jurisdiction in this Court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,'" but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."; "[B]are assertions, . . . [that] amount to nothing more than a 'formulaic recitation of the elements'" of a claim "are conclusory and not entitled to be assumed true.") (quoting *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff denies an absence of subject matter jurisdiction given her allegation that the dismissal on res judicata grounds denied her due process. She notes that the application of res judicata is limited in the Social Security context. As recognized by the Ninth Circuit, "res judicata principles should not be so rigidly applied as to 'contravene an overriding public policy or result in manifest injustice.'" *Krumpelman*, 767 F.2d at 588 (quoting *Thompson v. Schweiker*, 665 F.2d 936, 940-41 (9th Cir. 1982)). "[W]here the record is patently inadequate to support the findings the [Commissioner] made, application of res judicata is tantamount to a denial of due

REPORT AND RECOMMENDATION
PAGE - 3

process." *Id.* (quoting *Thompson*, 665 F.2d at 940-41 (enforcement of res judicata "must be tempered by fairness and equity", is not rigidly applied, and should be rejected when it would "'contravene an overriding public policy or result in manifest injustice'") (quoted source omitted). *See also Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989) ("res judicata is not applied rigidly to disability determinations"). In support of her due process allegation, plaintiff explains she was unrepresented by counsel in connection with her prior claims, suffered from impairments affecting her cognitive functioning, relied to her detriment on the advice of a Social Security employee, and submitted new and material evidence establishing the existence of a disability prior to her date last insured, including at least one new impairment. *See* 20 C.F.R. § 404.957(c)(1) (res judicata applies to previous determinations "on the same facts and on the same issue or issues"), and Hearings, Appeals and Litigation Law Manual (HALLEX) I-2-4-40 (not appropriate to apply res judicata when there has been a change in issues, or "the prior determination is not administratively final (e.g., the claimant lacked mental competency to appeal the prior determination, or the claimant was provided with incorrect, incomplete, or misleading information about when and how to request administrative review).")

Plaintiff also denies the insufficiency of her pleading, asserting the format and level of specificity provided is similar to that contained in complaints routinely accepted by this Court and unchallenged by the Commissioner in cases seeking review of final agency decisions denying benefits. She asks that the Court deny the Commissioner's motion and allow this case to proceed. Plaintiff alternatively requests leave to file an amended complaint attached to her response and reciting facts in support of her due process allegation. (*See* Dkt. 12-1.)

The Commissioner, in reply, reiterates her challenge to the sufficiency of the complaint filed, but acknowledges the greater specificity in the proposed amended complaint. (Dkt. 13.)

REPORT AND RECOMMENDATION
PAGE - 4

While preserving argument that the application of res judicata was in accordance with due process, the Commissioner states she will respond to an amended complaint as may be directed by this Court.

Pursuant to Federal Rule of Civil Procedure 15, the Court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15 (a)(2). In this case, justice is served by allowing amendment of plaintiff's claims as set forth in the proposed amended complaint, and allowing this case to proceed. The Court, as such, recommends the Commissioner's Motion to Dismiss (Dkt. 9) be DENIED, plaintiff's request to file the amended complaint be GRANTED (*see* Dkt. 12 at 6 and Dkt. 12-1), and the Commissioner directed to file an amended answer. A proposed Order accompanies this Report and Recommendation.

## **DEADLINE FOR OBJECTIONS**

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 10, 2017**.

DATED this 20th day of January, 2017.

Mary Alice Theiler
United States Magistrate Judge