UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN D. TAAMU,

                Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

CASE NO. C16-1438-TSZ-MAT

REPORT AND RECOMMENDATION

Plaintiff Susan Tamuu proceeds through counsel in her appeal of a decision of the Commissioner of the Social Security Administration (Commissioner) dismissing her request for a hearing based on *res judicata*. Having considered the decisions of the administrative law judge (ALJ) and the Appeals Council, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff filed an application for disability insurance benefits (DIB) in March 2003 with a date last insured (DLI) of June 30, 2003, alleging disability as of February 22, 2001. (AR 28.) This application was denied initially and upon reconsideration. (AR 45-48, 98-99.) She filed an

REPORT AND RECOMMENDATION
PAGE - 1

untimely request for a hearing; the ALJ dismissed the request for a hearing and the Appeals Council denied review, finding that Plaintiff did not have good cause for her tardy request. (AR 35-38.) Plaintiff's subsequent applications for DIB were denied due to *res judicata*. (AR 56-61, 114-19.)

Plaintiff applied for DIB again in August 2012, alleging disability since February 22, 2001. (AR 120-22.) This application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 64-66, 69-71, 76-79.) The ALJ held a hearing for the limited purpose of determining the applicability of *res judicata* on March 20, 2014. (AR 530-51.) On August 25, 2014, the ALJ found that the denial of Plaintiff's 2003 DIB application remains "final and binding," such that she is not disabled due to *res judicata*. (AR 28-32.) The Appeals Council notified Plaintiff of its intent to dismiss her request for a hearing on May 12, 2016, finding that the ALJ should have dismissed her request for a hearing rather than found her not disabled. (AR 13-16.) On July 15, 2016, the Appeals Council dismissed Plaintiff's request for a hearing. (AR 8-12.)

## **JURISDICTION**

Generally, a determination that a claim is barred by *res judicata* is not a "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g). *See Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985). An exception applies, however, if Plaintiff can show a colorable constitutional claim of due process violation. *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1977).

Plaintiff's summary of the facts surrounding her untimely request for a hearing does not

identify any particular due process violation.[1] Dkt. 22 at 4-5. She contends that after she was notified that her 2003 application was denied upon reconsideration, she contacted an attorney who recommended that she wait for additional medical test results before requesting a hearing. Dkt. 22 at 4. "When these results were not forthcoming," Plaintiff contacted at some point the agency to request a form to request a hearing, and ultimately submitted that form after the deadline had already passed. Dkt. 22 at 4-5. An ALJ found that no good cause existed to extend the deadline to request a hearing. (AR 35.) The Appeals Council denied her request for review, finding that she had not shown good cause to explain her failure to timely request a hearing in light of her inconsistent statements regarding when she had contacted the agency for forms, as well as the fact that her mistaken belief that she should wait to gather more medical evidence was contradicted by the explicit deadline listed on the notice of reconsideration for filing a request for a hearing. (AR 37.) Plaintiff argues that she "believed she did not have any further legal recourse since the Appeals Council notice she received did not indicate the decision could be appealed." Dkt. 22 at 5 (citing AR 37-38).

Rather than identify any particular process to which she was entitled but denied, Plaintiff instead suggests that *res judicata* should not be applied here because she was unrepresented at the time she untimely requested a hearing, and "suffers from impairments that affect her cognitive functioning." Dkt. 22 at 12. While it is true that Plaintiff was unrepresented at the time of her hearing request deadline, she has not shown that she did not understand the existence of the deadline: that she appealed her initial denial even while unrepresented undercuts her suggestion that she could not appreciate filing deadlines without an attorney. She also contacted the agency

---

[1] The Commissioner noted this deficiency in her briefing. Dkt. 23 at 4 (". . . Plaintiff does not articulate any clear basis for her due process argument."). Plaintiff did not file a reply.

REPORT AND RECOMMENDATION
PAGE - 3

in order to obtain a request form, again suggesting she was capable of understanding the relevant procedures even without an attorney.

Plaintiff's reference to unspecified "cognitive" problems is likewise unavailing, because she demonstrated an ability to appeal an initial determination as well as request a form to request a hearing. *See* Dkt. 22 at 12. Under these circumstances, Plaintiff has not presented a colorable due process claim. *See Klemm v. Astrue*, 543 F.3d 1139, 1145 (9th Cir. 2008) (finding that plaintiff had failed to allege a colorable due process violation because "[n]othing in the record evinces a mental impairment that could have prevented [the plaintiff] from understanding how to contest the denial of benefits"). Accordingly, the *Sanders* exception to the jurisdictional bar does not apply.

Plaintiff goes on to devote the majority of her briefing to challenging the merits of the Commissioner's finding that *res judicata* applied despite her submission of new evidence. Dkt. 22 at 3-4, 14-16. Even if the Court had the jurisdiction to review the Commissioner's decision (which, as explained *supra*, it does not), Plaintiff has not shown error in the Commissioner's finding that the new evidence was not material to the determination of Plaintiff's disability before her DLI. (AR 29-32.) The ALJ as well as the Appeals Council summarized the new evidence and both emphasized that it was dated more than 10 years after the DLI and was inconsistent with the contemporaneous evidence. (AR 8-12, 29-32.) This reasoning is legally sufficient. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that an ALJ may discount a post-DLI opinion because it is inconsistent with pre-DLI evidence).

Because Plaintiff has not shown that an exception applies to permit this Court to review the Commissioner's *res judicata* determination, or that the determination was erroneous in any event, the Court should affirm the Commissioner's decision dismissing Plaintiff's request for hearing.

## CONCLUSION

For the reasons set forth above, the Court recommends this matter should be AFFIRMED.

## **DEADLINE FOR OBJECTIONS**

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 15, 2017**.

DATED this 31st day of August, 2017.

Mary Alice Theiler
United States Magistrate Judge